# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GALVAN,<br><br>                              Plaintiff,<br>vs.<br><br>AMERICA'S SERVICING COMPANY,<br><br>                              Defendant. | Case No. 12cv2747 DMS (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Defendant in this mortgage foreclosure action filed a motion to dismiss Plaintiff's third amended complaint. Plaintiff opposed the motion, and Defendant replied. For the reasons stated below, the motion is granted in part and denied in part.

According to the operative third amended complaint ("TAC"), in 2006, Plaintiff signed a promissory note with Fieldstone Mortgage Company, secured by a deed of trust on Plaintiff's residence. Shortly thereafter, the servicing rights to the loan were transferred to Defendant. A notice of default and notices of trustee's sale were recorded in 2008. Plaintiff's residence was not foreclosed on, however, and on December 19, 2008, Plaintiff was able to modify the loan. On April 13, 2009, the loan was modified for the second time with Defendant as the lender.

On August 2 and 29, 2011, respectively, Plaintiff's counsel sent letters to Defendant requesting various documents and information regarding the loan origination, validity and servicing. Plaintiff claims Defendant did not fully respond to his requests for information. In addition, he claims Defendant's response that it holds a valid loan and lien on Plaintiff's residence is false. He contends

that the note was transferred apart from the deed of trust, and that there is uncertainty as to who holds an interest in Plaintiff's residence under the deed of trust.

On October 3, 2011, Plaintiff filed a complaint in State court for violation of California Civil Code Section 2943 and declaratory relief regarding the holder of Plaintiff's promissory note. After two rounds of demurrers in State court, Plaintiff filed the second amended complaint, which alleged claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), renewed its claim for violation of California Civil Code Section 2943, and sought to quiet title. Because a federal claim was alleged for the first time in the second amended complaint, Defendant removed the action to this Court pursuant to 29 U.S.C. Sections 1441, 1331 and 1367. On January 30, 2013, the Court granted in part Defendant's motion to dismiss the second amended complaint, and Plaintiff was granted leave to amend.

Defendant contends the third amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff cannot state a claim for any of his causes of action. Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

1    In the January 30, 2013 Order, Plaintiff was granted leave to amend his RESPA claim to
2 adequately allege actual damages. Defendant contends the claim should be dismissed because the
3 amendment of actual damages allegations is inadequate and Plaintiff is not entitled to any other relief
4 available under RESPA.

5    RESPA provides for recovery of "any actual damages to the borrower as a result of the failure"
6 to comply with RESPA. 12 U.S.C. § 2605(f)(1)(A). The RESPA violation at issue is Defendant's
7 alleged failure to respond to Plaintiff's letters requesting documents and information. (*See* TAC at
8 5-7.) RESPA "distinguishes between letters that relate to borrowers' disputes regarding servicing, on
9 the one hand, and those regarding the borrower's contractual relationship with the lender, on the other.
10 ... [L]etters challenging only a loan's validity or its terms are not qualified written requests that give
11 rise to a duty to respond ... ." *Medrano v. Flagstar Bank* 704 F.3d 661, 667 (9th Cir. 2012).
12 Accordingly, RESPA requires a response only when the borrower "seeks information relating to the
13 servicing of [the] loan," as opposed to loan origination or validity. *Id.* at 666. Consistently, a servicer
14 is liable for actual damages only insofar as they result from the failure to comply with its obligations,
15 *i.e.*, to respond to requests pertaining to loan servicing. 12 U.S.C. § 2605(f)(1)(A); *see also Tamburri*
16 *v. Suntrust Mtg., Inc.*, 875 F. Supp. 2d 1009, 1014 (N.D. Cal. 2012).

17    As stated in the January 30, 2013 Order, Plaintiff's letters requested information about loan
18 servicing as well as validity of the loan and related security interest. Plaintiff's request related to loan
19 servicing to the extent he requested an accounting of the loan, including principal balance due, the
20 payoff amount, amount of periodic payments, and amount of any account set aside to pay taxes and
21 insurance. (Jan. 30, 2013 order at 3.) Plaintiff alleges his actual damages were

22    attorney fees and costs incurred ... for legal services related to his efforts to determine
     who owns his loan and whether defendant ASC is entitled to act as the loan servicer
23   of plaintiff's loan. Plaintiff also paid Certified Forensic Loan Auditors for the Credit
     Default Swap Report (Exhibit "E") and the Securitization Report (Exhibit "F").
24   Plaintiff ordered these reports after ASC refused to provide plaintiff with documents
     under 12 U.S.C. § 2605.
25

26 (TAC at 8; *see also* Opp'n at 6 (incurred "in an effort to determine who owns his loan and whether
27 defendant is entitled to act as loan servicer.").) The alleged damages do not relate to any dispute about
28 loan servicing, but question the validity of Defendant's position as the loan servicer and lien holder.

1  RESPA does require servicers to respond to such inquiries, *Medrano*, 704 F.3d 666-67, and does not
2  provide for damages if the servicer does not respond to them, *see* 12 U.S.C. § 2605(f)(1)(A);
3  *Tamburri*, 875 F. Supp. 2d at 1014. Plaintiff's allegations are therefore insufficient to state a claim
4  for actual damages. Because Plaintiff has already been granted leave to amend to allege actual
5  damages, and does not request further leave, the RESPA claim, insofar as it seeks actual damages, is
6  dismissed without further leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("failure
7  to cure deficiencies by amendments previously allowed").

8  RESPA also allows for statutory damages when the plaintiff shows a pattern or practice of
9  defendant's noncompliance. 12 U.S.C. § 2605(f)(1)(B). The third amended complaint is based on
10 two mailings from Plaintiff to Defendant, and therefore does not allege a pattern or practice. (*See*
11 TAC at 4-5 (two letters sent Aug. 2, 2011, and follow up letter sent Aug. 29, 2011).) Plaintiff does
12 not oppose Defendant's motion to dismiss the statutory damages claim. Defendant's motion is
13 therefore granted insofar as Plaintiff seeks statutory damages. Because it does not appear the
14 complaint could be amended to allege further instances of Defendant's noncompliance, and Plaintiff
15 does not request leave to amend, the claim is dismissed without leave to amend. *See Foman*, 371 U.S.
16 at 182 (apparent futility of amendment).

17 Plaintiff also seeks injunctive relief to compel Defendant's compliance with RESPA and enjoin
18 foreclosure. (TAC at 8.) The Court rejects Defendant's argument that RESPA does not allow for
19 injunctive relief. While RESPA expressly provides for monetary damages and costs, it does not
20 preclude injunctive relief. *See* 12 U.S.C. § 2605(f). However, any injunctive relief must be within
21 the scope of the alleged RESPA violation. Accordingly, proof of a servicer's failure to properly
22 respond to a borrower's request for information is insufficient to enjoin foreclosure or rescind the
23 mortgage. *See Chung v. NBGI, Inc.*, 2010 WL 841297 *3 (N.D. Cal. 2010) (no injunction against
24 foreclosure); *Gray v. Central Mtg Co.*, 2010 WL 1526451 *3 (N.D. Cal. 2010) (same); *Montes v.*
25 *Quality Loan Serv. Corp.*, 2010 WL 114485 *2 (C.D. Cal. 2010) (no rescission); *Pettie v. Saxon Mtg*
26 *Serv.*, 2009 WL 1325947 * 3 (W.D. Wash. 2009) (same). Defendant has cited no authority holding
27 that RESPA does not allow for injunctive relief. To the contrary, *Chung* noted such relief is
28 appropriate. 2010 WL 841297 at *3. As stated in the January 30, 2013 order, Plaintiff sufficiently

alleged Defendant's failure to comply with its obligation to respond to loan servicing inquiries under 12 U.S.C. Section 2605(e). If Plaintiff prevails on this claim, he may be entitled to an injunction compelling compliance.

For the foregoing reasons, Defendant's motion to dismiss the RESPA claim is denied, but only insofar as Plaintiff seeks to compel Defendant's compliance with 12 U.S.C. Section 2605(e). In all other respects, the claim is dismissed without leave to amend.

Plaintiff also claims Defendant violated California Civil Code Section 2943 when it failed to respond to his request for a beneficiary statement and other disclosures. Defendant argues the claim should be dismissed because it is preempted by the Home Owner's Loan Act, 12 U.S.C. § 1461 *et seq.* ("HOLA"). The Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act") amended HOLA to adopt the preemption standards applicable to national banks. 12 U.S.C. § 1465; *see also Tamburri*, 875 F. Supp. 2d at 1019. In contrast to the pre-amendment HOLA field preemption clause, the National Bank Act ("NBA") and HOLA as amended, apply the conflict preemption standard established in *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25 (1996). *Tamburri*, 875 F. Supp. 2d at 1019-20; 12 U.S.C. §§ 25b(b) & 1465. The NBA preemption regulations identify certain categories and terms of state laws which are preempted based on the *Barnett* conflict preemption analysis. 76 F.R. 43549-01 at 43557 (Jul. 21, 2011) *cf.* 12 C.F.R. § 34.4(a) (effective Jul. 21, 2011) & 12 C.F.R. 34.4(a) (effective Jan. 13, 2004). Included in the preempted categories or terms are "limitations concerning [¶] ... servicing ... mortgages [and] [d]isclosure, including laws requiring specific statements, information, or other content to be included in ... credit-related documents ... ." 12 C.F.R. § 34.4(a)(9) & (10). Applying these provisions, the district court in *Jelsing v. MIT Lending*, 2010 WL 2731470 *2 (S.D. Cal. Jul. 9, 2010) (Barry T. Moskowitz, J.), found the claim for failure to comply with California Civil Code Section 2943 preempted under the NBA. After the Dodd-Frank Act, the same conclusion applies to preemption under HOLA.

Plaintiff, who is asserting the same claim *Jelsing* held preempted, argues his claim should not be dismissed because the regulation, 12 C.F.R. § 34.4(a), only applies to lending as opposed to loan servicing. However, in listing the categories and terms of preempted state laws, the same provision expressly enumerates mortgage servicing. His argument is therefore unavailing. Plaintiff also points

to *Tamburri.* and *Mabry v. Superior Court (Aurora Loan services)*, 185 Cal. App. 4th 208 (2010), which held California Civil Code Section 2923.5 was not preempted. These cases are distinguishable. Unlike section 2943, which imposes on mortgage beneficiaries certain duties in responding to the borrowers' requests for information, section 2923.5 addresses the mortgage servicers' obligations prior to filing a notice of default, and thus imposes requirements related to foreclosure. "[S]tate foreclosure laws are not generally within the scope of NBA preemption," in part because "federal law provides no legal framework for foreclosure." *Tamburri*, 875 F. Supp. 2d at 1019, 1020. Moreover, foreclosure practices govern acquisition and transfer of property, an area which the Supreme Court has already confirmed lies within the states' presumed powers to regulate. *Id*. at 1018-19, citing *Watters v. Wachovia Bank*, 550 U.S. 1, 11 (2007) (internal quotation marks and citation omitted). For the foregoing reasons, Plaintiff's claim for violation of section 2943 is dismissed as preempted.

Finally, Defendant argues Plaintiff's quiet title claim should be dismissed because Defendant "holds no claim adverse to Plaintiff's title." (Mot. at 14.) In pertinent part, to state a claim, the quiet title complaint must aver "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Code Civ. Proc. § 761.020(c). Plaintiff alleges that, contrary to Defendant's representations, Defendant is not a party to the deed of trust on Plaintiff's residence, and therefore does not have a lien. (TAC at 9.) Defendant argues that a lien under a deed of trust is not an adverse claim for purposes of a quiet title action. The Court disagrees.

"An action may be brought under [the Quiet Title] chapter to establish a title against adverse claims to real ... property or any interest therein." Cal. Code Civ. Proc. § 760.020(a). For purposes of quiet title, the term "'Claim' includes a legal or equitable right, title, estate, *lien*, or interest in property or cloud upon title." *Id*. § 760.010(a) (emphasis added). Whether a lien under a deed of trust is a valid encumbrance on real property is appropriately adjudicated in a quiet title action. *See, e.g., Deutsche Bank Nat'l Trust Ass'n Co. v. McGurk*, 206 Cal. App. 4th 201 (2012) (quiet title action regarding validity of deed of trust lien on plaintiff's property).

Defendant's reliance on *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177 (E.D. Cal. 2010), is unavailing. *Hamilton* is not binding authority, and the Court finds it unpersuasive. *Hamilton* relies exclusively on one sentence from *Lupertino v. Carbahal*, 35 Cal. App. 3d 742, 748

- 6 -

(1973), for the proposition that a lien is not an adverse claim for purposes of quiet title actions. *Lupertino* is not a quiet title case and did not address this issue. The *Lupertino* plaintiffs sought to set aside a foreclosure sale based on insufficient notice of default. In the sentence quoted in *Hamilton*, the *Lupertino* court described, in the context of trustee's duties upon default, the "triparte relationship" created by a deed of trust. The court did not discuss anywhere in the opinion the nature of the lien created by the deed of trust, or whether such a lien is an adverse claim for purposes of quiet title actions.

Defendant also argues the quiet title claim should be dismissed because Plaintiff admits Defendant is the lender according to the April 13, 2009 loan modification, which admission is contrary to Plaintiff's contention that Defendant is not a party to the deed of trust. (*See* TAC at 4 & 9.) Defendant argues that based on this claimed inconsistency of allegations, "there is no controversy between the parties in relation to Plaintiff's quiet title claim." (Mot. at 14.) This argument bypasses Plaintiff's theory of the quiet title claim – that the note has been split from the deed of trust, and that although Defendant may be a party to the note as modified, it does not hold a valid lien under the deed of trust. Defendant does not address Plaintiff's theory of quiet title, and the Court expresses no opinion as to its legal viability. Without more, Defendant's pointing to the loan modification agreement is insufficient to warrant dismissal of the quiet title claim.

For the foregoing reasons, it is **ORDERED** as follows:

1. Defendants' motion is granted in part and denied in part. Plaintiff's RESPA claim is dismissed without leave to amend to the extent Plaintiff seeks damages or an injunction against foreclosure; however, Plaintiff may proceed with the claim to the extent he seeks injunctive relief compelling Defendant's compliance with 12 U.S.C. Section 2605(e). Plaintiff's claim for violation of California Civil Code Section 2943 is dismissed without leave to amend. Defendant's motion is denied as to the quiet title claim.

2. Defendant's responsive pleading, if any, must be filed and served within the time set forth in Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**

DATED: April 15, 2013

_____
HON. DANA M. SABRAW
United States District Judge